TOBACCO GROWERS CO-OPERATIVE ASSOCIATION v. PETE SPIKES.

(Filed 5 March, 1924.)

**Injuction—Co-operative Marketing Associations.**

> In this suit for an injunction by a tobacco growers association, incorporated under the provisions of the statute, against its alleged member for selling his tobacco in violation of his contract, depending largely upon the question of his membership: *Held,* the restraining order should be continued to the hearing under the authority of *Tobacco Association v. Battle, ante,* 260.

CIVIL ACTION heard on return to preliminary restraining order before *Horton, J.,* at New Bern, N. C., on 9 October, 1923.

There was judgment dissolving the restraining order on giving a one-hundred-dollar bond, and plaintiff excepted and appealed.

*Burgess & Joyner and Moore & Dunn for plaintiff.*

*Aaron Sapiro, E. L. Hayes, T. E. Bowen, and Emma T. Koen of counsel for plaintiff.*

*R. W. Williamson for defendant.*

HOKE, J. On the hearing there were facts in evidence on part of plaintiff tending to show that plaintiff is an association duly organized under chapter 87, Laws of 1921; that defendant had become a member and signed the standard form of contract by which he was obligated to sell and deliver to plaintiff all tobacco grown by him or acquired as landlord during the years 1922, 23, 24, 25, 26, and that in breach

of his agreement he had sold his tobacco crop for 1923 to others. Defendant denied his membership and disavowed any and all obligation to deliver.

The Court has held that the act under which plaintiff is organized is constitutional, that the standard form of contract signed by its members is valid and enforceable by specific performance, and that ordinarily an injunction lies when it appears to be reasonably necessary to protect and conserve plaintiff's rights under the contract. *Coöp. Assn. v. Jones,* 185 N. C., 265; *Tobacco Assn. v. Battle, ante,* 260, and *Tobacco Assn. v. Patterson, ante,* 252.

In the present case it appears that the questions at issue depend largely on defendant's membership, and three witnesses for plaintiff having sworn he was a member, and for defendant the fact he denied only by his own affidavit, there being no claim or evidence *ultra,* the case comes directly under *Tobacco Assn. v. Battle, supra,* and the restraining order should be continued to the hearing.

Reversed.